# EXHIBIT F

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants Colonel Joseph R. Fuentes, Lieutenant
Colonel Patrick Callahan, Major Kevin Dunn, Trooper I Jose G.
Rivera, Acting Major Mark Wondrack, Captain Scott Ebner and
Detective Sergeant Ismael E. Vargas

By:  Kai W. Marshall-Otto
     Deputy Attorney General
     (609) 633-8687

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | |
|---|---|
| JOEL MARTINEZ, | : CIVIL ACTION NO. 15-2932 (BRM-TJB) |
| Plaintiff, | : |
| | : <u>CIVIL ACTION</u> |
| v. | : |
| | : ANSWERS TO PLAINTIFF'S FIRST SET |
| | OF INTERROGATORIES ON BEHALF OF |
| COLONEL JOSEPH R. FUENTES, | TROOPER I JOSE G. RIVERA |
| SUPERINTENDENT; LT. COLONEL | : |
| PATRICK CALLAHAN, DEPUTY | : |
| SUPERINTENDENT OF OPERATIONS; | : |
| MAJOR KEVIN DUNN, DEPUTY | : |
| BRANCH COMMANDER, FIELD | : |
| OPERATIONS SECTION; JOHN DOE | : |
| 1, TROOP C COMMANDER; JOHN DOE | : |
| 2, TROOP SUPERVISOR; TROOPER I | : |
| JOSE G. RIVERA (#6010); ACTING | : |
| MAJOR MARK WONDRACK, OFFICE OF | : |
| PROFESSIONAL STANDARDS; | : |
| CAPTAIN SCOTT EBNER, BUREAU | : |
| CHIEF, IN TAKE AND | : |
| ADJUDICATION BUREAU, OFFICE OF | : |
| PROFESSIONAL STANDARDS; and | : |
| DSG. ISMAEL E. VARGAS, | : |
| | : |
| Defendants. | : |



EXHIBIT
Rivera 11
7/10/18 TD/

Defendant, Trooper I Jose G. Rivera, through his undersigned counsel, hereby provides his answers to Plaintiff's Interrogatories.

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendants

By: _____
Kai W. Marshall-Otto
Deputy Attorney General

Dated: 9/11/17

GENERAL OBJECTIONS

1.  Defendant objects to Plaintiff's Interrogatories to the extent that they seek information that is neither relevant to this action nor proportional to the needs of the case.

2.  Defendant objects to plaintiff's Interrogatories to the extent that they are vague, ambiguous, overbroad, unintelligible or unduly burdensome so as to render them impossible to respond in a reasonable manner or amount of time.

3.  Defendant objects to plaintiff's Interrogatories to the extent that they purport to request information or documents from third parties.   In responding to plaintiff's Interrogatories, defendant will only provide information to the extent that the requested information exists and is within its possession, custody and control.

4.  Defendant objects to plaintiff's Interrogatories to the extent that they seek to impose obligations greater than those required by the rules governing this matter.

5.  Defendant objects to plaintiff's Interrogatories to the extent that they seek information that is excepted from discovery under the attorney-client privilege and/or work-product doctrine.   In responding to plaintiff's Interrogatories, defendant will withhold all information and documents that are privileged or excepted from discovery and provide plaintiff with a log identifying the document(s) as to: date, sender/receiver, type and privilege claimed.

6.  Defendant objects to plaintiff's Interrogatories to the extent that they seek production of "all" information on the grounds that such a request is unduly burdensome, overbroad and not within the physical or resource capabilities of the defendant to enable a response. Additionally, such a designation is without limitation as to time, subject matter or persons involved.  It also calls for defendants to interpret plaintiff's intentions as to the records and provides no guidance in terms of what is relevant.

    In each case where a response or production of documents is provided, such response or production is based upon a good-faith search through defendant's records that is

reasonable under the circumstances and in accord with the specificity or lack thereof, of the description of the document(s) requested.

7. Defendant objects to plaintiff's Interrogatories to the extent they require production of public documents without plaintiff first exhausting administrative remedies and public information sources on the internet to obtain same.

8. Defendant objects to plaintiff's Interrogatories to the extent that they call for defendant to make a legal conclusion which defendant is not qualified to make.

9. Defendant reserves the right to amend and/or supplement the responses to plaintiff's Interrogatories.

10. Defendant objects to plaintiff's interrogatories to the extent they seek, ask for, or imply a legal conclusion would answer or respond to an interrogatory. Additionally, defendant objects to plaintiff's interrogatories to the extent they seek information, documents, or other matters that would be protected under the attorney-client privilege, executive privilege, deliberative process, investigative privilege or any other applicable and/or appropriate privilege.

11. Defendant objects to plaintiff's request calling for production of documents extending well before or after the occurrence of the incident (s) giving rise to this lawsuit.

## SPECIFIC RESPONSES AND OBJECTIONS

1. State your full name, address, New Jersey State Police badge number, current job title, and qualifications for that title.

   **ANSWER:**

   Objection. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to this action nor proportional to the needs of this case. Additionally, Defendant objects to this interrogatory to the extent that it seeks information that is confidential and exempt from discovery pursuant to N.J.A.C. 4A:1-2.2(a), N.J.A.C. 13:1E-3.2, et seq., N.J.S.A. 47:1A-1, R. 1:38-5(e), State v. Harris, 316 N.J. Super. 384, 398 (App. Div. 1998), Bayer v. Twp. of Union, 414 N.J. Super. 238, 273-74 (App. Div. 2010), Padilla v. Rutgers, 2015 N.J. Super Unpub. Lexis 2101 (App. Div. 2015), and Executive Orders 9 (Governor Hughes), 11 (Governor Byrne), and 26 (Governor McGreevey); 47 (Christie). Notwithstanding these objections and without waiver of the foregoing, Jose G. Rivera, Badge # 6010, c/o New Jersey State Police, River Road, PO Box 7068, West Trenton, New Jersey; Trooper I; completion of the New Jersey State Police Training Academy.

2. Provide a detailed description of your duties and responsibilities as a trooper for the New Jersey State Police.

   **ANSWER:**

   As a Trooper, Defendant's responsibilities include, but are not limited to, enforcing all laws, including criminal and traffic laws; arresting criminals; investigating crimes and accidents; testifying in court; rendering aid and assistance to those in need; establishing partnerships within the community; and performing all duties that promote and protect public safety.

3. Describe in detail your employment status on April 26, 2013, including in detail your work assignment on April 26, 2013, as well as names of fellow employees working with you on that date, the scope and nature of your work on that date, the frequency at which your work takes you to the grounds of Lawrenceville High Prep School and athletic fields, and your reasons for being there on the date of the

incident, a description of any and all previous incidents on the grounds of Lawrenceville High Prep School and athletic fields, any and any all prior and subsequent interactions with plaintiff to this suit, as well as to any of the defendants and/or witnesses named in any police report or log of this incident.

ANSWER:

Objection. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to this action nor proportional to the needs of this case. Additionally, Defendant objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, unintelligible or unduly burdensome so as to render them impossible to respond in a reasonable manner or amount of time. Defendant notes that this incident occurred four years ago, and as such, Defendant will attempt to provide a response to the extent that he can remember. Notwithstanding these objections and without waiver of the foregoing, Defendant was on full-duty status on the date the incident that gives rise to this matter occurred and was assigned to Hamilton Station, Squad 4. Defendant's duties and responsibilities on that date were the same as those noted in the previous answer. Specifically, on the date of this incident, Defendant was patrolling Interstate 295/95 in Lawrence Township and conducted a property/community policing check of the Lawrenceville High Prep School. Additionally, on that date, Defendant was a volunteer assistant baseball coach for the varsity team at the school, a position he had held for approximately two years, and as such, was frequently on the school grounds. Defendant did not/does not have any personal contact with any of the named defendants, other than Detective Sergeant Ismael Vargas, who conducted the internal investigation regarding this matter and with whom Defendant met to provide an interview with regard to the same in June 2014. Defendant no longer has contact with the juvenile witnesses as they have since graduated. However, defendant still participates in coaching the varsity baseball team from time to time and is at the school. As such, defendant still has contact with Mr. Goldenberg, as well as with Mr. Eldridge, Mr. Atlee and Ms. Martinez.

4. Describe in detail your version of the incident that is the subject of this civil litigation, including the exact sequence of events that occurred as well as all the names,

addresses and badge numbers of all police officers and/or civilian witnesses.   Include all the names, addresses and badge numbers of all police officers who assisted in the taking and detention of the plaintiff thereafter.

ANSWER:

Objection.   Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to this action nor proportional to the needs of this case. Additionally, Defendant objects to this interrogatory to the extent that it seeks information that is confidential and exempt from discovery pursuant to R. 1:38-7, N.J.S.A. 47:1A-1,   N.J.A.C.   4A:1-2.11(a)(1)   and   Executive   Order Number 21.   Notwithstanding these objections and without waiver of the foregoing, see prior answer.   Additionally, during a patrol loop of 295/95, Defendant stopped at the high school while conducting community policing as the varsity baseball team was practicing.   While at the field, the Defendant was approached by the plaintiff, who acted in an aggressive, belligerent manner, while pointing his finger at the defendant and cursing at him. The plaintiff continued to use profane language as he addressed the students in the dugout. Due to the Plaintiff's disruptive behavior, Defendant calmly approached him and asked that he stop behaving in that manner and to leave the field. However, plaintiff did not respond as directed and had to be escorted away from the field by the Defendant.   Once they were in the area of the parking lot, they were approached by Mrs. Martinez and Mr. Goldenberg.   Mrs. Martinez asked the plaintiff what he was doing at the school, which was interpreted by the Defendant to mean that he was not permitted on school property.   As this was occurring, the Defendant felt the plaintiff place his hand on the Defendant's right arm, causing the Defendant to react by conducting an arm sweep and lowering the plaintiff's torso to the hood of the troop car, where he was placed under arrest and handcuffed. Plaintiff was charged with disorderly conduct and harassment and was transported to Hamilton Station where he was processed by Sgt. Tom Murtha and then released. Defendant does not know the personal addresses of the adult witnesses; however, at the time of the incident, they were all employees of the Lawrenceville High Prep School, located at 2500 Main Street, Lawrenceville, NJ 08648.

5.   Describe with specificity any and all reports, logs, entries, including CAD entries, and/or other contemporaneous documentation generated by you regarding the incident which is the subject of this litigation. Attach copies of same.

ANSWER:

Objection. Defendant objects to this interrogatory to the extent that it seeks production of "all" reports, logs, or entries on the grounds that such a request is unduly burdensome, overbroad and not within the physical or resource capabilities of the defendant to enable a response. Additionally, such a designation is without limitation as to time, subject matter or persons involved. It also calls for defendant to interpret plaintiff's intentions as to the records and provides no guidance in terms of what is relevant. Notwithstanding this objection and without waiver of the foregoing, Defendant does not have personal possession, custody or control of the documents requested, nor does Defendant have authorization to release/produce the requested documents. The documents requested are official records of the New Jersey State Police. As such, plaintiff is referred to the response to the Subpoenas for documents on behalf of the New Jersey State Police already produced, and which are currently in his possession.

6.   Identify with specificity all policies, customs, programs, regulations, and/or practices implemented by New Jersey State Police to educate and/or train and/or implement training and response programs for their police officers with respect to detainment, search and/or seizure of an individual and/or use of force; and for each of the above, identify whether you have met those educational and/or training requirements and/or completed the programs. Attach any and all certification or other such documents that attest to the fact that you have met these educational and/or training requirements and/or completed the programs.

ANSWER:

Objection. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to this action nor proportional to the needs of this case. Defendant also objects to this interrogatory to the extent that it seeks production of "all" policies, customs,

programs, regulations, and/or practices on the grounds that such a request is unduly burdensome, overbroad and not within the physical or resource capabilities of the defendant to enable a response. Additionally, such a designation is without limitation as to time, subject matter or persons involved. It also calls for defendant to interpret plaintiff's intentions as to the records and provides no guidance in terms of what is relevant. Defendant further objects to this interrogatory to the extent that the New Jersey State Police is not a party to this lawsuit. Thus, internal procedures of the New Jersey State Police do not form the basis of any claim against the defendant nor is defendant involved in the formulation, adoption or execution of internal policies. Notwithstanding these objections and without waiver of the foregoing, training on the use of force is provided twice annually, in the spring and fall, during Firearms Training, and training on detainment and search and seizure is provided periodically also during Firearms Training. See Defendant's training history report, attached.

7. Identify with specificity all policies, customs, programs, regulations, and/or practices implemented by New Jersey State Police to control and/or supervise and/or discipline its police officers with respect to police misconduct during detainment, search and/or seizure of an individual and/or use of force.

ANSWER:

Objection. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to this action nor proportional to the needs of this case. Defendant also objects to this interrogatory to the extent that it is vague, ambiguous, over broad, unintelligible or unduly burdensome so as to render it impossible to respond in a reasonable manner or amount of time. Further, defendant objects to this interrogatory as the New Jersey State Police is not a party to the within matter. Thus, internal procedures of the New Jersey State Police do not form the basis of any claim against the defendant nor is defendant involved in the formulation, adoption or execution of internal policies.

8. Identify each and every requirement that must be met in order to become a New Jersey State Police Trooper and state with specificity whether you have met those requirements,

what specific requirements you have met, how long you have
been an officer, what extra training and education you
received as an officer, and whether your status as an
officer has changed, and if so when.

ANSWER:

Successful completion of the New Jersey State Police
Training Academy is required in order to become a State
Trooper. Defendant successfully completed recruit training
and graduated from the Training Academy on October 19,
2001. After graduation, training is provided on a
continuous basis in a myriad of subjects, some of which is
elective and some of which is mandatory. Additionally, see
answer to interrogatory number 6. Defendant is currently a
Trooper I, assigned to Administrative Absence since June
2015.

9.   If you contend that the plaintiff's damages were caused or
     contributed to by plaintiff himself or by the negligence or
     fault of any other person, set forth the name and address
     of the other person and the facts upon which you will rely
     in establishing that negligence. Also, if you contend or
     intend to contend at the time of trial that the plaintiff
     sustained personal injuries in any prior or subsequent
     incident, state:

     (a)  the date of said incident;

     (b)  the damages you contend that plaintiff sustained;

     (c)  the parties involved in said incident;

     (d)  the source from which you obtained the information;

     (e)  attach a copy of any written documents regarding this
          information.

ANSWER:

Objection. Defendant objects to this interrogatory to the
extent that it calls for a legal conclusion which defendant
is not qualified to make. Notwithstanding this objection
and without waiver of the foregoing, defendant does not
believe that the plaintiff has been damaged.

10.  Identify each person you believe has personal knowledge of
     the facts surrounding the allegations of this litigation.
     For each such person, provide the address and telephone
     number and a brief description of the personal knowledge
     you believe they possess.

ANSWER:

Plaintiff, address unknown, has knowledge of the incident
that occurred on April 26, 2013, including his
inappropriate behavior and language on school property in
the presence of minors, his subsequent arrest and charges
filed against him;

Mr. Atlee, c/o Lawrenceville High Prep School, 2500 Main
Street, Lawrenceville, NJ 08648, has knowledge of the
defendant's alumni status with the school, his prior
participation on the varsity baseball team as an outfielder
while a student at the school, and his position as a
volunteer assistant coach of the varsity baseball team on
date of the incident; has knowledge of the incident
involving the plaintiff and the defendant during a team
meeting when the plaintiff approached the defendant in an
aggressive/abrasive manner, and the defendant's subsequent
removal of the plaintiff from the baseball field;

Mrs. Martinez, c/o Lawrenceville High Prep School, 2500
Main Street, Lawrenceville, NJ 08648, has knowledge of
Defendant's position as a volunteer baseball coach; has
knowledge of both the Defendant and the Plaintiff being
present at the high school on the date of the incident and
has knowledge of the incident involving both parties;

Mr. Eldridge, c/o Lawrenceville High Prep School, 2500 Main
Street, Lawrenceville, NJ 08648, has knowledge of
Defendant's position as a volunteer assistant coach for the
varsity baseball team; has knowledge of the Plaintiff being
present at the baseball field while a team meeting was
occurring with the Defendant in attendance; has knowledge
of the Plaintiff pointing his finger at the Defendant,
yelling at him and berating him in a loud, threatening,
aggressive tone; has knowledge that the Defendant asked the
Plaintiff to stop his disruptive behavior and to leave; and
has knowledge of the Defendant escorting the Plaintiff away
from the field;

Mr. Goldenberg, c/o Lawrenceville High Prep School, 2500 Main Street, Lawrenceville, NJ 08648, has knowledge that a conversation occurred between the Plaintiff and the Defendant in Spanish at the high school in the area of the parking lot; has knowledge that the Plaintiff was angry and appeared "pissed" and had made comments that the Defendant was having an affair with his wife; has knowledge of the statement by Mrs. Martinez to Mr. Martinez that he wasn't supposed to be there (at the school); has knowledge of the Defendant arresting the Plaintiff; and has knowledge of Mr. Martinez grabbing the Defendant's arm;

Sgt. Tom Murtha, Badge #6110, c/o New Jersey State Police, River Road, PO Box 7068, West Trenton, New Jersey, processed the plaintiff while he was at Hamilton Station.

11. Identify with specificity each person you anticipate calling as a fact witness in this case and provide a detailed summary of the testimony you anticipate they will give at trial. State their relationship to the plaintiff and their interest in this lawsuit.

ANSWER:

Objection. Defendant objects to this interrogatory to the extent that it seeks information constituting trial strategy that is protected by the Work Product Doctrine. Notwithstanding this objection and without waiver of the foregoing, any and all witnesses and their anticipated testimony who will appear for any trial in this matter will be disclosed in the pre-trial order at the appropriate time.

12. Identify all documents that may relate to this action and attach copies of each document.

ANSWER:

See answer to interrogatory number 5.

13. Identify with specificity each exhibit you intend to introduce into evidence. If the exhibit is a document, please identify the date of the document, its author and the recipient of the document.

ANSWER:

Objection. Defendant objects to this interrogatory to the extent that it seeks information constituting trial strategy that is protected by the Work Product Doctrine. Notwithstanding this objection and without waiver of the foregoing, any and all documents to be used as evidence at any trial for this matter will be disclosed in the pre-trial order at the appropriate time.

14. If you have obtained a statement from any person not a party to this action please provide all details including the date on which the statement was made, the name and address of the person who made the statement, the name and address of the person who obtained that statement, and the name and address of the person who has custody of this statement. If the statement was oral provide a detailed summary. If a recording was made of the statement, please provide requested details of the person who has custody of it. If the statement was written, please attach a copy.

ANSWER:

Defendant has not obtained a statement from any person. However, Defendant is aware that statements were obtained in connection with an internal investigation conducted regarding this matter that are in the possession of the New Jersey State Police. Defendant does not have personal possession, custody or control of the information and/or documents requested, nor does Defendant have authorization to release/produce the requested documents. The documents requested are official records of the New Jersey State Police. As such, plaintiff is referred to the response to the Subpoenas for documents on behalf of the New Jersey State Police already produced, and which are currently in his possession.

15. Identify with specificity all admissions you claim were made by the plaintiff and the date of the admission, and any witness to the admission. If there were any witnesses to the admission, please provide the name and address of each witness, as well as the date and content of the admission, a description of the circumstances under which the admission was made, and an address and/or description of the location where the admission was made. If any admission was reduced to writing please attach a copy.

ANSWER:

At this time, no admissions are known to Defendant. As discovery continues, defendant reserves the right to supplement this response.

16. If you intend to rely on any statute, rule, regulation or ordinance, state the exact title and section.

ANSWER:

Objection. Defendant objects to this interrogatory to the extent that it seeks information constituting trial strategy that is protected by the Work Product Doctrine. Notwithstanding this objection and without waiver of the foregoing, any such statute, rule, regulation or ordinance defendant will rely upon during any trial for this matter will be disclosed in the pre-trial order at the appropriate time.

17. Identify any person you anticipate testifying as an expert for defendant at trial in this case and identify with specificity each question upon which the expert was asked to opine, the documents, if any relied upon by the expert to reach his or her conclusion, the facts relied upon by said expert, the conclusion reached, and the basis of the conclusion. Identify any potential expert witness you consulted in this case and if you determined not to retain such person, explain why not.

ANSWER:

Objection. Defendant objects to this interrogatory to the extent that it seeks information constituting trial strategy that is protected by the Work Product Doctrine. Notwithstanding this objection and without waiver of the foregoing, at this time, no experts have been retained. If same are deemed necessary, their identity, curriculum vitae and a copy of their report(s) will be furnished pursuant to the court rules.

18. Identify any person from whom you will request any lay opinion testimony within the meaning of Fed. R. Evid. 701 to 704, and describe the lay opinion.

ANSWER:

Objection.  Defendant objects to this interrogatory to the extent that it seeks information constituting trial strategy that is protected by the Work Product Doctrine. Notwithstanding this objection and without waiver of the foregoing, any such person who will appear for any trial for this matter will be disclosed in the pre-trial order at the appropriate time.

19.  Describe the process by which any internal affairs investigation is conducted and/or was conducted as of January 1, 2013, identifying the names of all persons designated as responsible to do internal affairs investigations for New Jersey State Police since January 1, 2012, and identify and describe what type of records are maintained by those individuals or any department to which they are assigned.

ANSWER:

Objection.  Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to this action nor proportional to the needs of this case. Defendant also objects to this interrogatory to the extent that it is vague, ambiguous, over broad, unintelligible or unduly burdensome so as to render it impossible to respond in a reasonable manner or amount of time.  Further, defendant objects to this interrogatory as the New Jersey State Police is not a party to the within matter.  Thus, internal procedures of the New Jersey State Police do not form the basis of any claim against the defendant nor is defendant involved in the formulation, adoption or execution of internal policies. Lastly, Defendant does not have personal possession, custody or control of the information and/or documents requested, nor does Defendant have authorization to release/produce the requested documents.  The documents requested are official records of the New Jersey State Police.  As such, plaintiff is referred to the response to the Subpoenas for documents on behalf of the New Jersey State Police already produced, and which are currently in his possession.  Notwithstanding these objections and without waiver of the foregoing, defendant was interviewed in connection with an internal investigation conducted with regard to this matter by Detective Sergeant Ismael Vargas, of the New Jersey state

Police Office of Professional Standards Internal Affairs Investigation Bureau.

20.   Identify and describe with specificity any and all complaints made within the past five years against you and/or the New Jersey State Police including, but not limited to, those that relate to or involve the detainment, improper arrest, use of excessive force, differential treatment, search and/or seizure of an individual and/or use of force, and/or other violation of any rule, including but not limited to the subject of the complaint, the date and nature, any documents relating thereto, the procedures which you used, as well as the disposition of the complaints.

**ANSWER:**

Objection. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to this action nor proportional to the needs of this case. Defendant also objects to this interrogatory to the extent that it is vague, ambiguous, over broad, unintelligible or unduly burdensome so as to render it impossible to respond in a reasonable manner or amount of time. Further, defendant objects to this interrogatory as the New Jersey State Police is not a party to the within matter. Thus, internal procedures of the New Jersey State Police do not form the basis of any claim against the defendant nor is defendant involved in the formulation, adoption or execution of internal policies. Lastly, Defendant objects to this interrogatory to the extent that it seeks information that is confidential and exempt from production pursuant to N.J.S.A. 47:1A-1 et seq., N.J.A.C. 4A:1-2.1, et seq., N.J.S.A. 2A:84A-27, N.J.A.C. 13:1E-3.1, et seq., N.J.R.E. 515(a), Executive Order 21 (McGreevey), Executive Order 47 (Christie), the Attorney General Guidelines for Internal Affairs Policy & Procedures, and Deliberative Process Privilege. See State v. Kaszubinski, 177 N.J. Super. 136, 138-39 (Law Div. 1980); Nero v. Hyland, 76 N.J. 213 (1978). See also Foley v. Boag, 2006 U.S. Dist. LEXIS 34879 (3d Cir. 2006). The privileges protecting these types of materials are "premised upon the government's need to conduct such affairs with skill, with sensitivity to the privacy interests involved, and in the atmosphere of confidentiality that encourages the utmost candor." Loigman v. Kimmelman, 102 N.J. 98, 107 (1978). Notwithstanding these objections and without waiver of the foregoing,

defendant notes that complaints regarding violations of any internal administrative policy, rule, regulation or procedure of the New Jersey State Police by the Defendant are not relevant to the within matter nor do such complaints give rise to a cause of action that can be asserted by the plaintiff. Plaintiff's complaint contains causes of action against the Defendant for allegations of unlawful search and seizure, false arrest, malicious prosecution and excessive use of force; and as such, no complaints of trooper misconduct involving these allegations have been made against the defendant within the past five years, except for the complaint made by the plaintiff.

21.  Identify and state with specificity whether New Jersey State Police has a process to investigate citizen complaints of police misconduct and if so, what the process is and how it is implemented.  Specify if said process was in place on or about April 26, 2013, and whether you and/or other defendant officers were subject to any internal disciplinary process, setting forth with specificity the substance of the investigation, and/or of the charges made against you and/or defendant officers in such procedures; the names and addresses of all person who were involved in the procedure; and the date and outcome of such procedure(s) including that date and the nature of any subsequent disciplinary action against you and/or defendant officers if any such action was taken; and whether such investigation has generated any written documents, and if so, identify the documents and indicated the name and title of the individuals who have custody of such written documents.

ANSWER:

Objection.  Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to this action nor proportional to the needs of this case. Defendant also objects to this interrogatory to the extent that it is vague, ambiguous, over broad, unintelligible or unduly burdensome so as to render it impossible to respond in a reasonable manner or amount of time. Additionally, defendant objects to this interrogatory as the New Jersey State Police is not a party to the within matter.  Thus, internal procedures of the New Jersey State Police do not form the basis of any claim against the defendant nor is defendant involved in the formulation, adoption or

execution of internal policies. Further, Defendant does not have personal possession, custody or control of the information and/or documents requested, nor does Defendant have authorization to release/produce the requested documents. The documents requested are official records of the New Jersey State Police. As such, plaintiff is referred to the response to the Subpoenas for documents on behalf of the New Jersey State Police already produced, and which are currently in his possession. Lastly, Defendant objects to this interrogatory to the extent that it seeks information pertaining to individuals who are no longer parties to the within matter that is confidential and exempt from production pursuant to N.J.S.A. 47:1A-1 et seq., N.J.A.C. 4A:1-2.1, et seq., N.J.S.A. 2A:84A-27, N.J.A.C. 13:1E-3.1, et seq., N.J.R.E. 515(a), Executive Order 21 (McGreevey), Executive Order 47 (Christie), the Attorney General Guidelines for Internal Affairs Policy & Procedures, and Deliberative Process Privilege. See State v. Kaszubinski, 177 N.J. Super. 136, 138-39 (Law Div. 1980); Nero v. Hyland, 76 N.J. 213 (1978). See also Foley v. Boag, 2006 U.S. Dist. LEXIS 34879 (3d Cir. 2006). The privileges protecting these types of materials are "premised upon the government's need to conduct such affairs with skill, with sensitivity to the privacy interests involved, and in the atmosphere of confidentiality that encourages the utmost candor." Loigman v. Kimmelman, 102 N.J. 98, 107 (1978). Notwithstanding these objections and without waiver of the foregoing, yes, the New Jersey State Police does have such a policy, said policy was in effect on the date of the incident that gives rise to this matter. Defendant was a principal in the internal investigation which was initiated as a result of the plaintiff's complaint; however, the allegations were not substantiated and no disciplinary action was taken.

22. Identify in detail whether you and/or defendant officers were questioned as to the incident underlying this complaint and if so, then identify in detail the name, title and badge number and address of the persons making the inquiries, the date and time of the inquiries, and the substance of such inquiry.

ANSWER:

See prior answer and answer to interrogatory number 19.

23. Identify whether you were the subject of any citizen complaints prior to April 26, 2013, setting forth the name(s) of the citizen(s) who made the complaint(s) and the facts underlying the complaint(s), and provide a detailed description of the disposition of the complaint(s). If you were the subject of any such complaint, state with specificity whether in any of these instances, any disciplinary action was taken against you, and if so what type of disciplinary action was taken.

ANSWER:

See answer to interrogatory number 20.

24. Identify each lawsuit brought against you and/or New Jersey State Police based on alleged wrongdoing by you and/or New Jersey State Police, set forth the name(s) of the plaintiff(s), name(s) of defendant(s), court in which filed, and docket number.

ANSWER:

Objection. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to this action nor proportional to the needs of the case. Defendant also objects to this interrogatory to the extent that it is vague, ambiguous, over broad, unintelligible or unduly burdensome so as to render it impossible to respond in a reasonable manner or amount of time. Additionally, Defendant objects to this interrogatory as it seeks information extending well before or after the occurrence of the incident(s) giving rise to this lawsuit, and there is no designation as to time, date, age, period, or subject matter. Further, Defendant objects to this interrogatory to the extent that it seeks public information concerning civil lawsuits, which is available on public sources on the internet that are just as available to plaintiff as it is to defendant. Therefore, plaintiff is referred to the public sources. Lastly, defendant objects to this interrogatory as it seeks information concerning the New Jersey State Police who is not a party to the within matter. Notwithstanding these objections and without waiver of the foregoing, defendant has not been named a party to any other lawsuit in connection with his employment as a State Trooper.

25.  Describe any and all conduct by Joel Martinez that you personally witnessed that you deemed to be illegal, on April 26, 2013; describe the actions of Mr. Martinez, any words you heard spoken by Mr. Martinez, the location of Mr. Martinez' act(s) and your location when you witnessed them.

ANSWER:

The plaintiff's actions on the date this incident occurred were disorderly.  He acted in an offensive manner and used profane language on school grounds in the presence of minor children.   Additionally,  the  plaintiff  improperly  placed his hands on a law enforcement officer while being removed from  the  school  property  for  his  disorderly  conduct. Additionally, see answers to interrogatory numbers 4 and 10 and the documents produced by the New Jersey State Police in response to the Subpoenas that were served, which are already in the plaintiff's possession.

CERTIFICATION

I hereby certify that I am a Defendant in the above captioned matter and that the foregoing statements made by me and/or my attorneys are true based on my recollection and personal knowledge.

I hereby certify that the copies of the documents and/or reports produced in this matter are exact copies of the entire documents or reports provided and have been assembled by attorneys and staff for the Division of Law as my counsel and reviewed by me. I hereby certify that the existence of any other reports or documents which are relevant or are to be submitted at the time of trial are unknown to me; and if any such other documents or reports become later known or available to me, I shall serve them promptly on the propounding party. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
José Rivera

Dated: 8/30/17

