# EXHIBIT I

LOUGHRY and LINDSAY, LLC
330 Market Street
Camden, New Jersey 08102
(856) 968-9201
By: Justin T. Loughry, Esquire (3473-JTL)
Attorneys for Joel Martinez

| | |
|---|---|
| JOEL MARTINEZ, | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| COLONEL JOSEPH R. FUENTES, | : Civil Action No. |
| SUPERINTENDENT; LT. COLONEL | : 15-2932 (BRM) (TJB) |
| PATRICK CALLAHAN, DEPUTY | : |
| SUPERINTENDENT OF OPERATIONS; | : |
| MAJOR KEVIN DUNN, DEPUTY BRANCH | : |
| COMMANDER, FIELD OPERATIONS | : |
| SECTION; JOHN DOE 1, TROOP C | : |
| COMMANDER; JOHN DOE 2, | : |
| SUPERVISOR; TROOPER I JOSE G. | : |
| RIVERA (#6010); ACTING MAJOR MARK | : |
| WONDRACK, OFFICE OF PROFESSIONAL | : |
| STANDARDS; CAPTAIN SCOTT EBNER, | : |
| BUREAU CHIEF, INTAKE AND | : |
| ADJUDICATION BUREAU, OFFICE OF | : |
| PROFESSIONAL STANDARDS, and DSG | : |
| ISMAEL E. VARGAS. | : |
| | : |
| Defendants. | |

### RESPONSES AND OBJECTIONS TO INTERROGATORIES

1. Set forth your full name, date of birth, social security number and address. If you have ever been known by any other name, list, each such name.

RESPONSE: Joel Martinez; DOB: ▓▓▓▓▓▓▓; SSN ▓▓▓▓▓▓
Home Address: ▓▓▓▓▓▓▓▓▓▓▓, Princeton, NJ 08540.

2. Identify (including name, address, business affiliations and telephone numbers) all persons having knowledge of facts or information relating to the allegations and/or issues in this



EXHIBIT
MARTINEZ
3
4-26-18

case and damages allegedly suffered by you and for each, describe specifically the knowledge and/or information which each such person possesses and whether the source of the information is personal knowledge or hearsay.

RESPONSE: See Plaintiff's Rule 26 Disclosures. Plaintiff reserves the right to amend R. 26 Disclosures and answers to interrogatories as information becomes available.

3. Describe in detail your version of the events complained of on April 26, 2013.

RESPONSE: On the afternoon of April 26, 2013 I went to my home on the Lawrenceville School campus to collect a suitcase for a flight I was scheduled to take later that day.

As I arrived, I noticed Trooper Rivera's cruiser parked near the baseball diamond in front of my home, where my children live and where they generally play after school.

I saw Trooper Rivera, in uniform, speaking to a group of varsity baseball student-athletes and coaches near the dugout.

My children suffered emotional trauma as a result of Trooper Rivera's extramarital affair with my then spouse, Vicky Martinez. After the affair was exposed, Trooper Rivera threatened my family. My wife and children were frightened by his threats.

I walked over to the baseball field to express my opinion to the Trooper that it was inappropriate for him to be so close to where my children lived and where they could see him again. It was my belief that he had no 'official' duties that would require him to come to the school campus in his cruiser wearing his uniform.

I was at a distance from the Trooper - the baseball field fence was between us. I asked the Trooper loudly what he was doing on campus.

Trooper Rivera replied that he did not know what I was talking about.

I responded that his cheating caused harm to my family.

Trooper Rivera then escorted me away from the area toward the opposite side of the backstop, where my car was parked and where we were no longer in clear sight of the athletes and coaches.

By this time, Vicky had arrived on the scene and approached me and the Trooper. Michael Goldenberg, Associate Director of Athletics, and friend of Trooper Rivera also arrived on the scene shortly afterward.

(Trooper Rivera had access to the batting cage equipment, which falls under Mr. Goldenberg's purview, so they had a pre-existing relationship)

Upon seeing me, Vicky stated that I should not be on campus because we were supposed to be taking time off from seeing each other. I replied that Trooper Rivera was the one who should not be on campus because of the harm he had caused to our family.

Trooper Rivera countered that he had every right to be on campus, stating that he was an alumnus of the school.

I said, "You're no alumnus... you're a failure. I know well that you failed-out of this school and that you couldn't cut it here." I then began to walk towards my car in order to make my flight out of Philadelphia Airport, when I heard the Trooper exclaim: "That's it." He then walked up from behind me, placed me against my vehicle, put me in handcuffs and put me in the back of his cruiser without ever having read me my rights.

The Trooper placed the handcuffs on me so tightly that I said, "These handcuffs are too tight, you need to loosen them" The Trooper responded sarcastically stating: "They're not supposed to feel good." See attached photos.

Trooper Rivera proceeded to drive me to the detention center in Hamilton where I was held without explanation.

When I was released from the detention center, I was given a police report authored by the Trooper, which alleged that I had uttered curse words including the "F" word (not true) thereby offending the sensibilities of the student-athletes; that I challenged his authority to be on campus; and that I placed my hands on his person (not true). He failed to disclose that he knew me and that a personal relationship existed between the Trooper and my family.

3

4. Without reference to the complaint, provide in specific detail the factual basis for the allegations contained in Count One of your Complaint and identify every document upon which you base or which relate in any way to said allegations.

RESPONSE: See responses to #3, #8, #13, #14, #16, and #18. Plaintiff reserves the right to amend interrogatories during the course of discovery.

5. Without reference to the complaint, provide in specific detail the factual basis for the allegations contained in Count Two of your Complaint and identify every document upon which you base or which relate in any way to said allegations.

RESPONSE: See responses to #3, #8, #13, #14, #16, and #18. Plaintiff reserves the right to amend interrogatories during the course of discovery.

6. Without reference to the Complaint, provide in specific detail the factual basis for the allegations contained in Count Three of your Complaint and identify every document upon which you base or which relate in any way to said allegations.

RESPONSE: Plaintiff expressed alarm at the station that Rivera was carrying out personal animus, hostility, bitterness, based on the personal issues between us. I thus informed his supervisors of the wrongness in what he was doing by arresting me. They carried out the appearances of an investigation but never penalized him for his inappropriate biased activities, and in fact ratified them. The investigation did reveal that Rivera was not supposed to be on the Lawrenceville campus at the time of the incident, but they took no action against him. They likewise failed to supervise his conduct with municipal court prosecution, permitting him to persist in the charges, but failing to make discovery.

7. Identify all statements obtained from any person, firm or corporation, their agents, servants, employees, or representatives that relate to the issues in this case; and state the name, address and telephone number of any person who has made a statement relating to the subject matter of this case; whether the statement was oral or written; the date the statement was made; the name, address and telephone number of each person to whom the statement was made; and the name,

address and telephone number of each person with knowledge of the statement.

RESPONSE: Plaintiff did not personally obtain statements from any witnesses. Through discovery Plaintiff obtained from defendants the investigative file of Sgt. Vargas which contains taped interviews/statements of witnesses and reports of those interviews. Plaintiff obtained statements in the form of letters signed by Captain Frank Maimone and Captain Scott Ebner, which were provided to Defendant with R. 26 disclosures and identified as P2 and P3. Plaintiff also provided the Complaint (P1), New Jersey State Police Investigative Report (P14-P16), New Jersey Supplemental Investigative Report (P4-P6), Discovery Checklist (P13), and the Arrest Report (P25-P26).

8. Identify all admissions with regard to the issues in this case that have been made by any party hereto or by any agent, servant, employee or representative of any party hereto. Set forth the exact words, if known, and if not known, the substance of each such admission, the name and address of the person making the admission, the names and addresses of all persons present when the admission was made, the place where and the time when the admission was made. If the admission was reduced to writing, attach an exact copy hereto.

RESPONSE: When I challenged Trooper Rivera's right to be on campus, he claimed he had a right to be there because he was an alumnus, thus admitting that he had no official business on campus, and should not have been there in his police cruiser and police uniform while he was on duty.

9. Set forth in factual detail what actions each defendant failed to take which you believe violated your federal constitutional rights and/or civil rights.

RESPONSE: Plaintiff objects to the extent that this interrogatory calls for legal conclusions. Notwithstanding this objection Plaintiff says see Response to No #6.

10. Set forth in factual detail what actions each defendant took which you believe violated your federal constitutional rights and/or civil rights.

5

RESPONSE: Plaintiff objects to the extent that this interrogatory calls for legal conclusions. Notwithstanding this objection Plaintiff says see responses to #3, #8, #13, #14, #16, and #18. Plaintiff reserves the right to amend interrogatories during the course of discovery.

11. Set forth if you have ever been arrested. If yes, set forth the date(s) of such arrest(s), the location of such arrest(s), the reason for such arrest(s) and the disposition of any court action.

RESPONSE: When I was in college I was present at an altercation between several students. Even though I was not involved I was arrested. I was later released without being charged. I do not recall the exact dates.

12. If you have ever been convicted of a felony or misdemeanor, set forth, the identity of the court in which you were convicted; the date on which you were convicted; the case name and docket number; the precise nature of the charge and the plea that you entered; the name under which you were convicted; and the results of any appeal of the conviction.

RESPONSE: No.

13. With regard to the disposition of the charges that were filed against you relative to the within matter, please state how all charges were resolved, and attach copies of any and all court records from the Municipal Court, Superior Court and/or Appellate Division, as may be applicable, concerning the disposition of those charges.

RESPONSE: The matter which is the subject of this litigation was dismissed on December 2, 2013. Plaintiff attaches a copy of the disposition provided by Defendant (identified as NJSP MARTINEZ 279. See also the log from the Lawrenceville Township Court provided by Defendant. All documents in Plaintiff's possession were provided with the R. 26 disclosures.

14. Set forth the total amount of damages or loss claimed in this action. Set forth the specific damages or loss alleged, all the component elements of the total claimed damages or loss and associated amounts, and the specific computation of the total claimed damages or loss incorporating the component elements.

6

RESPONSE: See R. 26 Disclosures, as well as below listed items:

(a) $500 on May 23, 2013, Ck. 1076 to Anderl & Oakley for representation following arrest

(b) $2,000 on May 21, 2013, Ck. 1078 to William H Buckman for representation when Anderl & Oakley informed me that they had a previous relationship with Trooper Rivera and, hence, could no longer represent me

(c) $1,000 on May 28, 2013, Ck. 8101 to William H Buckman Law Firm

(d) $4,000 on Feb 8, 2014, American Express charge to William H Buckman Law Firm to represent me against Trooper Rivera and NJ State Police

(e) $400 on April 22, 2015 to Loughry and Lindsay to cover cost of filing Complaint (Others cost to be determined in the course of the litigation)

(f) ($2,068.01) reimbursement on May 2, 2016 from New Jersey Lawyers' Fund for Client Protection

(g) Lost wages to be calculated - I spent hours away from the office to attend court proceedings that were ultimately postponed by Trooper Rivera. These hours cost me potential commissions and are difficult to quantify.

(h) The damage to my reputation caused by my arrest by Trooper Rivera on the Lawrenceville School Campus

(i) The emotional stress, anguish and anxiety caused by Trooper Rivera's actions toward my children and me.


15. List your occupation(s), employer(s), annual salary earned, and duties and/or job responsibilities for each position held with all employers from 2011 to the present, and attach all W-2's and State and Federal income tax returns.

RESPONSE: Since April 2010 to the Present, employed by BlackRock Inc., 1 University Square Drive, Princeton, NJ 08540, working as an Investment Management Consultant and Product Specialist. My responsibility is to act as the advisor to financial advisors at Merrill Lynch who have non-resident US investor clients.

7

Federal Wages, salaries, tips, etc. from Form W-2:

2011: $102,121

2012: $107,782

2013: $120,661

2014: $137,634

2015: $101,894

2016: $151,265

16. Describe in detail all the injuries you allege you have suffered as a result of the events of which you complain, including all physical, mental or psychological injuries, stating the extent and duration of each such injury. Include whether you have been diagnosed with either a permanent medical condition or psychological restriction as result of the alleged actions in your complaint and if any treatment was recommended or obtained for same, and all medical expenses that has been incurred for same.

> RESPONSE: See R. 26 Disclosures. See the photos taken of Plaintiff's wrists after handcuffs were removed. I suffered stress and anxiety as a result of the arrest and the numerous court appearances, and subsequent to the arrest, I discussed my emotional state with psychiatrists at Aroga Behavioral Health, 168 Franklin Corner Rd #2-B, Lawrence Township, NJ 08648.

17. If the previous interrogatory was answered in the affirmative, please set forth: a) The names and addresses of all doctors, psychologists, counselors, therapists or other medical personnel who treated and examined, diagnosed or gave consultation to you, for each such injury, disease, illness or condition.

RESPONSE: See the response to #16.

18. Please set forth whether the plaintiff has suffered any social or personal restrictions and/or limitations that have

8

hindered the plaintiff's ability to engage in activities that he participated in prior to the alleged incident of which he complains of in this case, and include in your answer all activities plaintiff engaged in prior to the alleged incident that he can no longer participate in; the name and nature of each injury, disease, illness or condition; and the nature of how each restriction and/or limitation hinders the plaintiff's ability to engage in such activities.

RESPONSE: I suffered loss of standing in the community as a result of the arrest. My arrest by Trooper Rivera on the Lawrenceville School campus was a public event and witnessed by many. News of the arrest spread quickly on campus. Following the arrest, my friends and acquaintances on campus began to avoid me. In fact, all of my friendships were broken off following the arrest.

19. Identify any photographs, videotapes, other forms of electronic recordings, sketches, reproductions, charts or maps concerning the subject matter of this case. For each, state: a) the number made; b) what it shows or contains; c) the date it was made; d) the name, address and telephone number of each person who made it; e) the name, address and telephone number of the person who possesses it; and f) if it is in your possession, attach a copy.

RESPONSE: See attached photos of wrists after handcuffs were removed. Defendants are in possession of the investigative file. Plaintiff reserves the right to rely on any document produced through discovery.

20. Set forth the names and addresses of each person whom you expect to call at trial as an expert witness and attach in answer to this interrogatory an exact copy of the entire report or reports rendered by each of your expert witnesses. If any reports were oral, set forth verbatim the entirety of the contents of any such oral report (in so doing, please comply with the requirements of Fed. R. Civ. P. 26(a)(2)(A-E).

RESPONSE: None at this time. The requested information will be provided within the time specified by the rules and/or directions of the Court. Plaintiff reserves the right to amend responses to interrogatories.

9

21. If you have ever been a party to any other lawsuit, including divorce proceedings, list the case caption, docket number, and court for the civil action in which you were either the plaintiff or the defendant and provide the name and address of the attorney litigating same.

RESPONSE: Plaintiff has never been involved in any other lawsuit.

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I certify that the copies of the documents annexed hereto are exact copies of the entire original document, that the existence of any other documents which have been requested by these interrogatories is unknown to me or unavailable to me, and if such become later known or available, I shall serve them promptly upon the propounding party.

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, is unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

June 08, 2017
Dated:

Joel Martinez